IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| T.C.T., | * |
|     Petitioner, | * |
| vs. | * |
| |     CASE NO. 4:25-CV-373 (CDL) |
| WARDEN, STEWART DETENTION CENTER, | * |
| | * |
|     Respondent. | |
| | * |

O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on December 22, 2025 is hereby approved, adopted, and made the Order of the Court to the extent that the Court finds that Petitioner did not establish grounds for habeas relief on Counts One, Two, Three, Four, Five, and Six in the petition. The Court considered Petitioner's objections to the Magistrate Judge's recommendations on those counts and finds that the objections lack merit.

As to Count Seven, the Court rejects the Magistrate Judge's recommendation that Petitioner's habeas petition should be granted because Petitioner's revocation notice was signed by a Supervisory Detention and Deportation Officer. First, if Petitioner was granted release under 8 C.F.R. § 241.13 as Petitioner argues he was (and as the Magistrate Judge concluded in portions of the Report and Recommendation), that regulation does not expressly

limit which ICE officers may revoke release.[1] *Compare* 8 C.F.R. § 241.13(i)(2) (permitting the "Service," defined under 8 C.F.R. § 1.2 to mean U.S. Immigration and Customs Enforcement, to revoke a release order if certain conditions are met) *with* 8 C.F.R. § 241.4(*l*)(2) (stating that a "district director" or "Executive Associate Commissioner" has authority to revoke release). Thus, to the extent that Petitioner contends that the Supervisory Detention and Deportation Officer lacked authority to revoke his supervised release under § 241.13(i)(2), that argument fails.

Second, the Court finds that Petitioner is not entitled to the relief he seeks based on Respondents' alleged failure to comply with 8 C.F.R. § 241.4(*l*)(2). This alleged failure was the basis for the Magistrate Judge's recommendation that the Court should grant Petitioner's habeas petition and release him from custody. The Court is not convinced that the Supervisory Detention and Deportation Officer lacked authority to revoke Petitioner's release under the delegation order relied upon by Respondents. Moreover, even if the delegation order did not vest the officer with authority to revoke Petitioner's supervised release order,

---

[1] Neither of Petitioner's orders of supervised release, which were issued in March 2000 and June 2001, reference 8 C.F.R. § 241.13 or state that the ICE's Headquarters Post-order Detention Unit made any determination under that regulation. That is likely because 8 C.F.R. § 241.13 was not promulgated until after both supervised release orders were issued. *See* Continued Detention of Aliens Subject to Final Orders of Removal, 66 FR 56967-01, 56968 (Nov. 14, 2001) (revising the regulations by "adding a new 8 C.F.R. § 241.13").

2

the Court finds that this error does not support granting Petitioner the habeas relief he seeks.  To hold otherwise would have the effect of interfering with the execution of a lawful order of final removal (which the Court does not have jurisdiction to do) when the alleged defect can easily be remedied by Respondents.  Under these circumstances, the Court finds that it lacks subject matter jurisdiction to grant Petitioner habeas corpus relief, assuming Respondents remedy the alleged defect as they have represented they would like an opportunity to do.

In summary, Petitioner's habeas petition is denied in its entirety.

IT IS SO ORDERED, this 23rd day of February, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA